1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REGINALD BELL, SR.,

                              Plaintiff,

        v.

CITY OF FIFE, CITY OF FIFE POLICE
OFFICER, FIFE CITY JAIL, and JAIL
ADMINISTRATOR,

                              Defendants.

No. C10-5612 BHS/KLS

ORDER DENYING MOTION FOR THE
APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L.

Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Before the court is

Plaintiff's motion for the appointment of counsel.  Dkt. 5.  Having carefully reviewed Plaintiff's

motion, and balance of the record, the court finds, for the reasons stated below, that Plaintiff's

motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v.*

*Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S.*

*Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

ORDER DENYING MOTION FOR COUNSEL - 1

1   U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

2   *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

3   circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

4   the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

5   issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

6   *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he

7   has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

8

9   articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d

10  1101, 1103 (9th Cir. 2004).

11       That a *pro se* litigant may be better served with the assistance of counsel is not the test.

12  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues

13  involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further

14  facts during litigation.  But, if all that was required to establish the complexity of the relevant

15

16  issues was a demonstration of the need for development of further facts, then practically all cases

17  would involve complex legal issues.  *Id.*

18       Plaintiff maintains that he should be appointed counsel because he cannot afford counsel,

19  has been unable to obtain counsel, his lack of legal skills, training and education.  Plaintiff's

20  inability to obtain counsel and lack of legal skills are not exceptional circumstances which

21  warrant the appointment of counsel.  There is nothing in the motion for counsel presented to the

22  court to indicate that a finding of exceptional circumstances is warranted in this case.  While

23

24  Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se

25  litigant.   Concerns regarding investigation and discovery, an absence of legal training and

26  limited access to legal materials are not exceptional factors, but are the type of difficulties

ORDER DENYING MOTION FOR COUNSEL - 2

1   encountered by many pro se litigants.  There are also numerous avenues of discovery available to

2   the parties through the Federal Rules of Civil Procedure during the litigation process.

3        Plaintiff filed his complaint *pro se* and he has demonstrated an adequate ability to

4   articulate his claims *pro se*.  Plaintiff has not demonstrated that the issues involved in this case

5   are complex or that he has had any difficulties in expressing them.  In his complaint, Mr. Bell

6   claims that he was falsely arrested and imprisoned and that his personal property was seized.

7   These are not complex issues.  Plaintiff has also not shown a likelihood of success on the merits.

8

9        Accordingly, Plaintiff's motion to appoint counsel (Dkt. 5) is **DENIED**. The Clerk is

10  directed to send copies of this Order to Plaintiff.

11

12       DATED this _9th_ day of September, 2010.

13

14                                         Karen L. Strombom
                                           United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING MOTION FOR COUNSEL - 3