UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REGINALD BELL, SR.,<br><br>                    Plaintiff,<br>    v.<br><br>CITY OF FIFE, CITY OF FIFE POLICE OFFICER, FIFE CITY JAIL, and JAIL ADMINISTRATOR,<br><br>                    Defendants. | No. C10-5612 BHS/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff Reginald Bell, Sr., who is presently confined at the Washington State Prison in Walla Walla, Washington, has been granted leave to proceed *in forma pauperis*.

Presently before this Court for review is Mr. Bell's complaint in which he purports to sue the City of Fife "a political subdivision and Mayor, John Doe and Jane Doe, husband and wife and the marital community composed thereof, being sued in his official capacity;" the City of Fife Police Officer "John Doe and Jane Doe, and the marital community composed thereof, being used in his individual capacity"; and the Jail Administrator, "John Doe and Jane Doe, husband and wife, and the marital community composed thereof, being sued in his official capacity." Dkt. 1-2. Plaintiff claims that in January and February of 2008, he was falsely

ORDER TO AMEND OR SHOW CAUSE - 1

arrested, prosecuted and imprisoned in the Fife City jail and that personal property was seized from him. Dkt. -1, pp. 8-9. Mr. Bell's complaint suffers from numerous deficiencies and the court will not serve his complaint.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although

ORDER TO AMEND OR SHOW CAUSE - 2

complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Accordingly, while the Court finds that dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give Plaintiff an opportunity to file a response or amend his complaint.

In his complaint, Mr. Bell has identified no individual defendants. He broadly alleges that unnamed defendants falsely arrested him, prosecuted him, incarcerated him and stole his property. The majority of his complaint is dedicated to legal conclusions and is difficult to decipher. In an amended complaint, Mr. Bell must allege facts demonstrating how the specific acts and conditions complained of have resulted in a deprivation of his federal constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir.1980). An amended complaint must also allege in specific terms how each **named** defendant was involved in the deprivation of rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). Vague and conclusory allegations of official participation in civil rights violations will not suffice. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982).

ORDER TO AMEND OR SHOW CAUSE - 3

Plaintiff shall file his amended complaint, setting forth all of his factual claims, causes of action, claims for relief, and any exhibits. Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved

ORDER TO AMEND OR SHOW CAUSE - 4

in the denial of his rights. The court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of plaintiff's rights.

If Plaintiff elects to proceed in this action by filing an amended complaint, the court advises him of the following:

Plaintiff purports to sue the wives and husbands of named entities, *e.g*., the "Mayor John Doe and Jane Doe, husband and wife and the Marital community composed thereof." This is improper as the spouses of individually named defendants are not liable under Section 1983. Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable § 1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. *See also, Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

Plaintiff has failed to set forth facts showing that *any* individually named defendants within the City of Fife and/or Fife Police Department caused or personally participated in causing the harm alleged. While Plaintiff states generally that *unnamed* defendants were responsible his arrest and imprisonment, he does not include factual allegations as to how any individually named persons caused him harm.

In addition, to state a cause of action against the City of Fife and/or Fife Police Department under § 1983, a plaintiff must be identity a "policy or custom" within those municipal entities that caused his injury. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403-04, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997) (emphasis added).

ORDER TO AMEND OR SHOW CAUSE - 5

With regard to property claims, Plaintiff is advised that the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); see also *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **October 1, 2010**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is further directed to provide copies of his First Amended Complaint and completed marshal forms with the current address for each named defendant.

ORDER TO AMEND OR SHOW CAUSE - 6

1 **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**
2 **1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of**
3 **this Order and a copy of the General Order to Plaintiff.**

4

5    Dated this  9th  day of September, 2010.
6
7
8                                           Karen L. Strombom
                                            United States Magistrate Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER TO AMEND OR SHOW CAUSE - 7