UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REGINALD BELL, SR., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF FIFE, et al, <br><br> Defendants. | CASE NO. C10-5612BHS <br><br> ORDER OVERRULING PLAINTFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 14) and Plaintiff Reginald Bell, Sr.'s ("Bell") objection to the R&R (Dkt. 15). The Court has considered the R&R, Bell's objection, and the remaining record, and hereby adopts Magistrate Judge Strombom's R&R.

**I. PROCEDURAL HISTORY**

On September 3, 2010, Bell, a pro se litigant, filed the instant civil rights action. Dkt. 4. On the same day, September 3, 2010, Magistrate Judge Strombom granted Bell's motion to proceed in forma pauperis. Dkt. 3. On September 9, 2010, Magistrate Judge Strombom denied Bell's motion to appoint counsel. Dkt. 6.

On September 9, 2010, Magistrate Judge Strombom ordered Bell to amend his complaint or to show cause why the case should not be dismissed "in order to give Plaintiff an opportunity to

ORDER – 1

file a response or amend his complaint." Dkt. 7 at 3. On September 27, 2010, Bell objected to the order to show cause and filed an amended complaint. Dkts. 8, 9 (resepectively).

On October 10, 2010, Bell filed a second motion to appoint counsel (Dkt. 10), which Magistrate judge Strombom denied on October 12, 2010 (Dkt. 12). On October 27, 2010, Bell filed a motion to reconsider the denial of appointment of counsel. Magistrate Judge Strombom referred this motion to the undersigned.

On November 4, 2010, Magistrate Judge Strombom issued the R&R now before the Court. Dkt. 14. On November 17, 2010, Bell filed his objections to the R&R. Dkt. 15.

## II. FACTUAL BACKGROUND

Bell's complaint purports to sue the City of Fife, "a political subdivision and Mayor, John Doe and Jane Doe, husband and wife and the marital community composed thereof, being sued in his official capacity"; the City of Fife Police Officer, "John Doe and Jane Doe, and the marital community composed thereof, being used in his individual capacity"; and the Jail Administrator, "John Doe and Jane Doe, husband and wife, and the marital community composed thereof, being sued in his official capacity." Dkt. 1 at 5. In Bell's original complaint, he alleged that he was wrongfully "arrested, prosecuted and imprisoned in the Fife City jail and that personal property was seized from him." However, Bell failed to demonstrate "how the specific acts and conditions complained of have resulted in a deprivation of his federal constitutional rights." Dkt. 7 at 3 (citing *Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980)).

Magistrate Judge Strombom concluded that Bell's complaint suffered from numerous deficiencies[1] and clearly outlined the steps that Bell must take in order to correct those deficiencies. *See* Dkt. 7 at 2, 3-6. Bell's proposed amended complaint also fails to incorporate the changes required by Magistrate Judge Strombom. *See* Dkt. 9.

---

[1] Bell's complaint must include: (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights; (2) the dates on which the conduct of each Defendant allegedly took place; and (3) the specific conduct or action that Bell alleges is unconstitutional.

ORDER – 2

On November 4, 2010, Magistrate Strombom issued an R&R, in which she recommended that Bell's claim be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. 1915(g).

### III. DISCUSSION

**A.     In forma Pauperis**

Bell's objections to the R&R (Dkt. 15) discuss at length his need to have in forma pauperis status. However, this is a nonissue as Magistrate Judge Strombom granted Bell in forma pauperis status. Dkt. 3.

Therefore, to the extent Bell relies on this argument as a basis for objection to the R&R, such reliance is unavaling.

**B.     Motion to Appoint Counsel**

Bell's motion for reconsideration is now before the Court. (Dkt. 13, see notes to this entry).

"28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir.1984)). In *Wilborn,* the Ninth Circuit elaborated on this rule:

> The rule that counsel may be designated under section 1915(d) only in "exceptional circumstances" derives from *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. [1963]), *cert. denied*, 375 U.S. 845 (1963), which held that "the privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." *Weller* was extended, without comment, to "appointment of counsel" in *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). *Madden* was then cited for the rule in *Alexander v. Ramsey*, 539 F.2d 25, 26 (9th Cir. 1976); *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978), on appeal after remand, (9th Cir.1981), *cert. denied*, 455 U.S. 958 (1983); *Aldabe v Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); and *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances *requires an evaluation of both* "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983), quoted in *Kuster*, 773 F.2d at 1049. Neither of these factors is dispositive and *both must be viewed together* before reaching a decision on request of counsel under section 1915(d).

*Wilborn,* 789 F.2d at 1331 (emphasis added). The burden to demonstrate a likelihood of success on the merits rests on a plaintiff. *Id*.

ORDER – 3

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

Bell has neither shown a likelihood of success on the merits, nor has he met his burden on reconsideration. Therefore, the Court denies Bell's motion for reconsideration on this issue.

**C.    R&R**

In Bell's objection to Magistrate Judge Strombom's show cause order (Dkt. 7), he argues that "discovery procedures will uncover the identity of the unknown named City of Fife Police Officers." Dkt. 8 at 2. However, Mr. Bell misunderstands Magistrate Strombom's use of "named defendants." Mr. Bell's use of the term "John Doe," while disfavored, is not the issue; the issue is that Mr. Bell "*broadly* alleges that unnamed defendants falsely arrested him, prosecuted him, incarcerated him and stole his property." Dkt. 7 at 3. Mr. Bell does not allege in specific terms how each named defendant [specific John Doe or John Does] was involved in the deprivation of [his] rights. *Id*.

Moreover, Bell argues that Magistrate Judge Strombom did not acknowledge his malicious prosecution claim in her show cause order. Dkt. 8 at 3. However, Magistrate Judge Strombom's show cause order was directed at each claim of Bell's complaint, not just the civil rights claim. *See* Dkt. 7. Magistrate Judge Strombom clearly outlined the steps that Bell must take in order to correct the deficiencies of his complaint and Bell did not attend to those matters in his amended complaint. However, Bell's amended complaint remains deficient as a whole.

Therefore, the Court adopts Magistrate Judge Strombom's R&R to dismiss this matter without prejudice and for this dismissal to count as a strike.

## IV. ORDER

Therefore, the Court **ADOPTS** Magistrate Judge Strombom's R&R, as discussed herein. Bell's complaint is **DISMISSED without prejudice** and this dismissal **counts as a strike** pursuant to 28 U.S.C. 1915 (g). This matter is closed.

DATED this 11th day of January, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 5